Deadeeick, J.,
delivered the opinion of the court.
The complainant filed his bill in the Chancery Court at Chattanooga on the 28th June, 1869, against the defendants and Daniel Kaylor, alleging that in August, 1868, Kaylor had sold and conveyed to him a lot, on Market street, Chattanooga, for $2,250. One of the lines of this lot runs on the south side from Market street 80 feet to the post-office building.
Kaylor, at the time of the conveyance to complainant, owned the land adjoining the lot conveyed, and in his deed stipulated as follows: “I do further covenant and bind myself, my heirs and representatives, to leave open forever, for the public convenience and the use of the adjoining lots, the walk, ten feet in width, leading from said street to the entrance to the post-office building.” The complainant erected a large *435 brick building upon his lot, running from Market street to the post-office building, and having doors and windows opening upon this walk, which adjoins his lot on the south side of the lot, being the north side of the walk or passway to the post-office building.
Naylor, at the time of conveyance by him to complainant, owned the walk and the lot upon the south side from Market street to the post-office building.
After this deed was executed to complainant and registered, and after the erection by complainant of his building, the defendants, Van Deman and Dowling, purchased of Kaylor the lot south of complainant’s lot, up to the south line of the passway to the entrance of the post-office building, so that the lot of complainant and the lot of defendants respectively adjoin the north and south line of the ten-feet passway its whole length from Market street to the post-office building.
The bill alleges that defendants are erecting a new wall upon their lot along the line of the said pass-way and building a balcony or balustrade over said passway, and are preparing to put a stairway by the side of their wall and outside thereof, so as to connect with said balcony, and that said balcony and stairway will be obstructions in and upon said pass-way, a nuisance to complainant and the public, depriving complainant of the light to which he is entitled, and blocking up a portion of said passway, and prays that defendants be enjoined from making said erections, and that his rights and the rights of the public be declared; and for general relief.
*436 The answer substantially admits all the allegations of the bill, and seeks to justify the erections complained of, upon the ground that Kaylor had conveyed the right to build the stairway and the balcony in the deed conveying the lot to defendants, Van Deman and Dowling.
Several grounds of demurrer are also stated and insisted upon, “to so much of the bill as seeks discovery and relief as to the stairway to be erected, upon the ground that it will be an obstruction to the-ten-feet passway.” And for specific causes of demurrer, they assign the following:
That a Court of Chancery can not relieve against a public nuisance; that the facts charged do not constitute a public nuisance; that complainant, for himself or by joining with other private persons, can not maintain a bill to abate a public nuisance; that the ten-feet passway is not alleged to be a public street laid off by the corporate authorities.
The bill and demurrer, and answer thereto, present for solution the questions of the nature of the rights-* of complainant in the passway, and the mode of their enforcement.
An easement is a right which one proprietor has to some profit, benefit or lawful use out of or over the estate of another proprietor: Washb. on Eas. and Serv., 4. The terms easements and servitudes are often used indiscriminately to express the same idea. The former term, however, is more properly applied to the right enjoyed, and the latter to the burden imposed: Ibid, 5. It is an incorporeal right *437 which can only be conferred by grant or deed, and a covenant by the owner of the soil that it shall exist is equivalent to a grant of it:' Ibid.
Thus, when one sold a house and lot, in front of which was an open area belonging to him, upon which lie covenanted that no house shoidd be erected, but that the same should always be kept open as public property, being a part of the transaction of the purchase aud sale, and a consideration for the same, it was held to create an easement in favor of the lot thus sold, and the grantee having sold and conveyed the lot to another, could not release the easement to the vendor or his assignee, or authorize them to erect buildings upon this open space: Washb., 29. So a grant of land to a passage-way, which way was reserved to be used by the grantor and grantee in common, was held a grant of an easement in the way: lb., 46.
The extent of the casement, as well as the nature and use of it, may be defined by the express terms of the deed by which it is erected, or may be ascertained by construction.
Where the grantor, owning a parcel of land, sold the north part of it to be bounded by an intended street, though none existed at the time of sale; and also sold the south part, bounding it north by a street, although nothing was said in the deed of a right of way over the street; it was held to be an implied covenant that there was such a street: citing Washb., 226; 12 Pick., 292.
And where the grantor conveyed a parcel of land, adjoining a new way over his own land, on which *438 houses had been erected, and described the parcel by feet and inches abutting on the road or street, it was held to cany with it the right of access to this road or street at every point along this front: Washb. on Eas. and Serv., 228.
From the terms of the deed to complainant by Kaylor, it is clear that he took the right of way over the passway, and this right extended to the whole width and the entire length of the passway.
The defendants had, therefore, no right, by virtue of the conveyance from Kaylor, which was executed, after the registration of complainant's deed, to obstruct any portion of said passway by the erection of a stairway therein.
For the defendants it is insisted that the covenant of Kaylor with Brew is a personal covenant, not running with the land, the breach of which may be compensated in damages.
And the case of MeNairy v. Paine, 9 Hum., 533, is cited as sustaining this position. In that case MeNairy and wife sold and conveyed without reservation of any interest to Baxter, Hicks & Ewing, a tract of land, with its appurtenances, on which there was a wharf; and at the same time MeNairy took a separate covenant to himself from Baxter, Hicks and Ewing, in which they bound themselves in the penalty of $1,000 that they would not allow other boats than their own to land, etc., at said wharf.
The court held this a personal covenant, and that MeNairy, for the violation of the covenant, had the right of action on this penal bond; but that no in *439 terest in tbe land, corporeal or incorporeal, was reserved in the deed to Baxter, Hicks & Ewing, or conveyed to MeNairy by them in the bond which they executed to him. This case is very different, as there is an express covenant that the passway shall forever remain open for the use, amongst other uses specified, of the very lot conveyed by the deed containing said covenant, which is equivalent to an express grant of the easements to complainant.
A covenant real is that whereby an obligation to pass something real is created, as lands or tenements, or the obligation of which is so connected with the realty, that he who has the latter is entitled to the benefit of, or liable to perform the other: 2 Shars-wood’s Black., 304, note 10.
Kaylor conveys the lot to complainant, and as incident to, and contained in, the same deed, he binds himself, his heirs and assigns to leave open forever for the public convenience and the use of the lot therein conveyed, it being one of the adjoining lots, the walk ten feet in width leading from Market street to the entrance of the post-office building. We are therefore of opinion that complainant and the public have the right to the unobstructed use of said passway for its entire width, length and height.
But it is argued that if the right of way, as claimed by complainant, be conceded, he can not have that right enforced in equity; that any obstruction of the way is a private nuisance, for which the appropriate remedy is at law.
Whether the obstruction be considered as a public *440 or private nuisance, a court of equity bas jurisdiction t upon the ground of its ability to give a more complete and perfect remedy than is attainable at law,' to prevent by injunction such nuisances as are threatened, as well as to abate those already existing. The grounds of jurisdiction are the restraining of irreparable mischief, suppressing oppressive and interminable litigation, or preventing multiplicity of suits, or where the mischief from the continuance or permanent character must occasion a constantly recurring grievance, which can not be prevented otherwise than by injunction: Story’s Eq., Red field’s Ed., ss. 924, 925; Wash, on Eas. and Serv., 668-70; 1 Hum., 134; 2 Swan, 540.
It follows that the decree of ihe Chancellor was erroneous and must be reversed, and a decree rendered here in conformity to this opinion.